Filed 9/30/22 P. v. Hernandez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095190 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE016011) |
| v. | |
| DAVID ANTHONY HERNANDEZ, | |
| Defendant and Appellant. | |

Defendant David Anthony Hernandez pled no contest to three robberies and guilty to one count of grand theft in exchange for a stipulated sentence of 16 years four months. Though the trial court sentenced him accordingly, he argues this case must be remanded for resentencing due to changes made to Penal Code[1] section 1170, subdivision (b) by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731) (Senate Bill 567). He further contends, based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), the trial court erred in refusing to stay his restitution fine and strike the assessments it imposed. We shall affirm.

---

[1] Undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

An amended information charged defendant with second degree robbery (counts one, two & three) and grand theft (count four). (§§ 211, 487, subd. (a).) The information alleged an enhancement defendant personally inflicted great bodily injury in connection with count three. (§ 12022.7, subd. (a).) The information also alleged defendant had a prior strike (§§ 667, subds. (b)-(i), 1170.12) and a prior serious felony (§ 667, subd. (a)).

Because defendant's arguments relate solely to his stipulated sentence and fines and assessments, we will forego an extended discussion of the facts of his crime. Suffice it to say, defendant and another man robbed two other men at a gas station. In a separate incident, defendant punched a third man in the face and took his cell phone, and hoverboard. In the last incident, defendant went into a store, asked to see a cellphone and ran away with it.

Pursuant to the plea agreement, defendant pled no contest to counts one, two, three, guilty to count four, and admitted the great bodily injury enhancement. In exchange, the prosecution offered to dismiss the prior serious felony allegation and stipulated to a sentence of 16 years four months. The trial court confirmed the agreement to the stipulated sentence when it took defendant's plea.

Defense counsel's only comment regarding sentencing was to ask for the "minimum fines/fees that the [c]ourt can impose."

The trial court imposed the stipulated term of 16 years four months in prison. Despite the probation report recommendation of $4,800 for the restitution fine and the suspended revocation fine, the trial court imposed a restitution fine of $1,000 (§ 1202.4, subd. (b)), with a matching, stayed parole revocation restitution fine (§ 1202.45). It also imposed a mandatory court operations assessment in the amount of $160, and a court facilities assessment in the amount of $120. (§ 1465.8, subd. (a)(1); Gov. Code, § 70373.) The court waived and did not impose any other fines or fees.

2

Defendant timely appealed; the case was fully briefed on August 8, 2022, and assigned to this panel shortly thereafter.

DISCUSSION

Defendant argues the matter must be remanded for resentencing pursuant to Senate Bill 567. He also asserts the trial court erred in failing to stay the restitution fine and strike the assessments imposed. The Attorney General first argues defendant waived his right to appeal during the sentencing hearing. For purposes of this appeal, we will assume no waiver and reach the merits. As set forth below, we disagree with defendant's claims.

A.      *Senate Bill 567*

Defendant argues the case should be remanded for resentencing because the trial court imposed the upper term on two counts with no aggravating facts stipulated to or admitted by defendant nor found true by a jury. Because he was sentenced in accordance with and pursuant to the stipulated sentence, we reject this claim.

Senate Bill 567 amended section 1170, effective January 1, 2022. (Stats. 2021, ch. 731.) Under the amended version of section 1170, when a judgment of imprisonment is to be imposed and a statute specifies three possible terms, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in [section 1170, subdivision (b)(2)]." (§ 1170, subd. (b)(1).) Section 1170, subdivision (b)(2) provides the trial court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

The parties agree Senate Bill 567 applies retroactively to defendant's case under *In re Estrada* (1965) 63 Cal.2d 740. We agree it applies retroactively here. (*People v. Flores* (2022) 75 Cal.App.5th 495, 500.)

3

The parties disagree as to the effect Senate Bill 567 should have on the case. Defendant argues the case should be remanded to allow defendant a new sentencing hearing under the amended statute. The Attorney General argues because defendant stipulated to an upper term sentence, the trial court had no discretion to impose anything other than the stipulated sentence. We agree with the Attorney General.

We find *People v. Brooks* (2020) 58 Cal.App.5th 1099, which considered the application of similar legislative changes, persuasive. In *Brooks*, the defendant agreed to a stipulated sentence in a plea agreement. (*Id.* at p. 1102.) After the trial court sentenced the defendant, the Legislature enacted section 1170.91, which required the trial court to consider trauma a defendant suffered as a result of military service as a mitigating factor when imposing a sentence under section 1170. (*Brooks*, at pp. 1103-1104.) The trial court denied the defendant's petition to recall his sentence under the new law, finding it had no power to resentence him because he had agreed to a stipulated term in his plea agreement. (*Id.* at p. 1103.) In affirming, the appellate court concluded because the defendant stipulated to the term of his sentence in his plea agreement, the trial court did not apply judicial discretion at the time it sentenced him and it had no discretion on resentencing, because to do so would unlawfully modify the terms of his plea agreement. (*Id.* at pp. 1106-1107.) Once the trial court accepted the plea agreement, it was required to impose the sentence called for by the plea bargain. (*Ibid.*) As a result, when the court sentenced the defendant to the stipulated term, it was not exercising its triad sentencing discretion. (*Ibid.*) Put another way, " 'when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not "imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)' " (*Id.* at p. 1109.)

Like the statute in *Brooks*, the relevant changes in Senate Bill 567 rest on the trial court's exercise of its sentencing discretion under section 1170, subdivision (b), to select

4

the appropriate sentence from the triad available. In defendant's case, the trial court imposed a sentence in accordance with the plea agreement, which included two upper term sentences in the calculation necessary to derive the total stipulated 16-year four-month sentence. The trial court accepted the plea agreement. Thus, as in *Brooks*, the trial court had no triad discretion under section 1170, subdivision (b), but was required to sentence defendant to the agreed upon term, which it did. (*People v. Brooks, supra*, 58 Cal.App.5th at pp. 1106-1107.) As a result, the retroactive changes of Senate Bill 567 do not affect his sentence.

### B. Restitution Fine, Parole Revocation Fine, and Assessments

Relying on *Dueñas, supra*, 30 Cal.App.5th 1157, defendant argues the trial court abused its discretion when it imposed the $1,000 restitution fine, the suspended $1,000 parole revocation fine, the court operations assessment, and the court facilities assessment without making findings of his ability to pay. Anticipating he may have forfeited this argument by not raising it at sentencing, he asserts his counsel was ineffective for not making the argument. We reject both claims.

"In general, a defendant who fails to object to the imposition of fines, fees, and assessments at sentencing forfeits the right to challenge those fines, fees, and assessments on appeal. [Citations.]" (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624, review den. Jan. 5, 2022, S272033.) Defendant was sentenced on November 5, 2021, almost three years after the publication of *Dueñas*. (*Dueñas, supra*, 30 Cal.App.5th 1157 [decided Jan. 8, 2019].) Accordingly, defendant's failure to request an ability to pay hearing based on *Dueñas* forfeits this issue on appeal, as does his failure to object this is an excessive fine under the Eighth and Fourteenth Amendments to the United States Constitution and article I, section 17 of the California Constitution. (*Greeley,* at p. 624; *People v. Torres* (2019) 39 Cal.App.5th 849, 860.)

We also reject defendant's argument section 1237.2 and his letter to the trial court under this provision cures his forfeiture. Section 1237.2 states: "An appeal may not be

taken by the defendant from a judgment of conviction on the ground of an error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs upon the defendant's request for correction. This section only applies in cases where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal."

Although this section makes the issue of fines and assessments cognizable on appeal, it does not bar the application of the forfeiture doctrine based on a failure to object when the fine was imposed. (*People v. Jenkins* (2019) 40 Cal.App.5th 30, 39-40.) This is especially true here because the law defendant seeks to apply existed for almost three years before sentencing and he waited four more months to object. Under these circumstances, the belated assertion of this preexisting legal claim does not constitute an error discovered after sentencing.

Further, we do not agree with the premise of defendant's argument the trial court failed to make an ability to pay determination. Here, the court imposed a $1,000 restitution fine, not the $300 minimum restitution fine for a felony matter. (§ 1202.4, subd. (b)(1).) Thus, the court implicitly determined defendant had the ability to pay more than the statutory minimum, and declined to impose the $4,800 recommended by the probation department. (*Id.*, subd. (c) ["[i]nability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to paragraph (1) of subdivision (b)"].) If defendant had evidence he wished the court to consider when determining his ability to pay, it was his duty to present the evidence to the court at the time. (*Id.*, subd. (d).) He did not do so.

6

Anticipating his failure to object forfeited this claim, defendant asserts his attorney's failure to raise this objection amounts to ineffective assistance of counsel. Again, we disagree.

A claim of ineffective assistance of counsel requires defendant to show by a preponderance of the evidence (1) counsel's performance fell below the objective standard of prevailing professional norms, and (2) defendant was prejudiced by counsel's failing. (*Strickland v. Washington* (1984) 466 U.S. 668, 688-695.) On direct appeal, a conviction will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Here, the record is silent as to why defense counsel did not raise a *Dueñas* objection. The trial court implicitly made an ability to pay determination when it imposed a restitution fine in excess of the $300 statutory minimum and less than a third of the sum recommended by the probation department. (§ 1202.4, subds. (b)(1), (c).) These fines were imposed at the same time as the trial court imposed the remaining $280 in assessments and waived all other fines and fees. Nothing in the record suggests a reasonable probability the court would have determined defendant was unable to pay had defendant's counsel objected specifically to the imposition of those fees. Indeed, defense counsel may have reasonably believed due to the significant reduction in the two fines from the probation department's recommendation and the trial court's elimination of all other fines and fees, any further objection would be futile. We cannot conclude defense counsel provided ineffective assistance based on his failure to object.

DISPOSITION

The judgment is affirmed.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
MAURO, Acting P. J.

_____/s/_____
HOCH, J.

8